Filed 1/30/26  P. v. Varela CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102674 |
| Plaintiff and Respondent, | (Super. Ct. No. 24FE005419) |
| v. | |
| CHRISTOPHER ADAM VARELA, | |
| Defendant and Appellant. | |

A jury convicted defendant Christopher Adam Varela of two sexual offenses.  The trial court did not impose sentence and placed defendant on probation with the condition that defendant serve 300 days in county jail.  On appeal defendant contends:  1) the trial court may have improperly imposed multiple punishments for his convictions in violation of Penal Code[1] section 654; and 2) the minute order does not reflect the court's oral pronouncement as to the restitution fine and corresponding probation revocation fine.

---

[1] Undesignated statutory references are to the Penal Code.

1

We conclude that section 654 did not apply here because the trial court granted defendant probation without imposing sentence, so we affirm the judgment. But we direct the trial court to correct the clerk's minute order to reflect the oral pronouncement as to the jail probation condition and restitution fine and corresponding stayed probation revocation fine as $300 each.

I

BACKGROUND

Between March 27, 2024, and March 29, 2024, multiple local, state, and federal agencies conducted a joint undercover chat operation directed at individuals interested in meeting minors for sexual activity. The three-day operation consisted of law enforcement officers posing as 13-year-olds on various social media platforms and contacting people using the photograph of a decoy, Turlock Police Department cadet, Sophia Hayes. Using the decoy's photographs, officers "chatted" with people interested in meeting minors for sexual acts. The officers could not instigate the sexual aspect of any interaction. If the person insisted on a phone call or FaceTime call, Cadet Hayes talked to them. Individuals who agreed to meet for purposes of sexual contact with a minor were arrested when they arrived at the agreed-upon location.

During the three-day operation, using the decoy's photograph, Turlock Detective Gina Giovacchini created a profile for an underaged person named "Kaitlynn" on a social media site. Defendant messaged Kaitlynn, commenting that he would "smash," which Detective Giovacchini interpreted as a sexual reference. Kaitlynn responded with a "kissing-face emoji or a blowing-a-heart emoji." In response to that message, defendant sent a photograph of an erect penis, to which Kaitlynn responded, "oh my." Defendant messaged that he was "in the shower looking at [Kaitlynn's] sexy ass picture."

Kaitlynn messaged defendant that she was "stuck" in a hotel room in Sacramento because her mother went to Reno without her and told Kaitlynn she "couldn't leave" the room. Defendant responded, "Send me a pic. I'm in Woodland, babe." He followed that

2

message with, "What she don't know won't hurt ha." Kaitlynn sent him a photograph of the decoy. Defendant messaged, "[m]an, so sexy." He sent another message asking, "naked[?]."

Before responding to defendant's request, Kaitlynn asked defendant if she could text him, and he messaged her his phone number. Detective Giovacchini explained that she shifted the conversation to text because once Kaitlynn revealed that she was underage, there was a risk that the social media site, which removes individuals from its platform who are under 18, would delete Kaitlynn's profile. Detective Giovacchini needed to move the conversation off the site before that happened.

After defendant sent his number, Kaitlynn texted, "I'm so bored" and asked how old he was. Defendant said he was 29. Kaitlynn responded that she liked older guys. Defendant responded, "I'm so hard right now" and asked Kaitlynn her age. Kaitlynn responded that she was "younger than you." Defendant asked her to tell him. Kaitlynn asked, "You won't get mad?" After defendant assured her that he wouldn't, Kaitlynn said, "almost 14." Defendant replied, "Cap," which is a slang term for lying. Kaitlynn responded, "I promise" and "You knew that." A minute later, defendant texted, "You suck my dick?" Kaitlynn asked, "Are you coming here?" Defendant said, "Yeah." Kaitlynn asked defendant what they were going to do. He responded, "You not down?" She confirmed she was and asked when he could come. He responded, "RN," right now.

She asked him to bring her some food and asked how long it would take him to get there. He responded that she never sent him the address. After she sent the address, he responded that it was a 30-minute drive and asked if she was going to flake on him. She assured him she would be there because she could not leave. He then asked, "What do you mean you can't leave?" She responded she could not leave because she does not drive. Defendant texted, "Send me a picture naked so I know you want it." She responded, "No, because you can send it out." Defendant replied, "Oh, okay. I'll just jack off." Kaitlynn responded that he "was the flake." Defendant then texted, "You

3

should try to make me feel good." "Like I'm not wasting my time." Kaitlynn responded, "If you come here -- jeez, I told you my hotel." Defendant then texted, "Send me a pic. I need a little proof." Kaitlynn sent another picture of the decoy. Defendant responded, "Mmm" and "You're going to suck me?" Defendant then texted, "You so sexy." He told her to send another picture. Kaitlynn promised to send one more and asked whether he was coming or not. After he texted, "Yeah, I'mma come," she sent another picture of the decoy.

Defendant asked Kaitlynn to talk to him while he drove to meet her. Cadet Hayes spoke with defendant three times on the phone posing as Kaitlynn. During his calls with Cadet Hayes, defendant requested additional photographs. As defendant entered the hotel to meet Kaitlynn, he was arrested.

The Sacramento County District Attorney filed an amended information charging defendant with four counts: contacting a minor with the intent to commit a sexual offense involving the minor (§ 288.3, subd. (a), count 1); going to a prearranged meeting with a minor for a lewd or lascivious purpose (§ 288.4, subd. (b), count 2); attempted exploitation of a minor under 18 for the preparation of visual or digital representations of sexual conduct involving a minor (§§ 664/311.4, subd. (c), count 3); and arranging a meeting with a minor for lewd purposes (§ 288.4, subd. (a)(1), count 4).

A jury convicted defendant on counts 1 and 3 and acquitted him on counts 2 and 4.

Before sentencing defendant, the trial court reviewed the People's sentencing brief and the probation officer's report. The People requested a prison term of 18 months on count 1, with a concurrent term of one year on count 3. The probation officer's report recommended probation. It also concluded that section 654 did not apply and that the offenses and their objectives were predominantly independent of each other. The trial court placed defendant on probation for two years, subject to the condition that he serve 300 days in county jail. The clerk's minute order stated that defendant would serve 150 days on count 1 and 150 consecutive days on count 3.

4

The court also imposed the mandatory minimum restitution fine stating, "In terms of fees and fines, I'm imposing only the minimum mandatory fees and fines. Nothing above the minimum. Nothing that's not mandatory." However, the minute order included a restitution fine of $1,000 and a parole revocation fine in the same amount.

Defendant timely appeals.

## II

## DISCUSSION

## A

### *Section 654*

Defendant contends section 654 prohibits "multiple punishment for counts one and three" because count 3, the attempt to obtain a nude photograph from the minor, was incidental to accomplishing the offense in count 1, contacting the minor to engage in a sexual act with her. This argument relies on an apparent discrepancy between the court's oral pronouncement imposing a probation condition of 300 days in county jail and the clerk's minute order splitting the 300 days between the two counts. Defendant claims to the extent the court intended to sentence defendant to 150 days on each count, "such a sentence would be unlawful" under section 654. He further contends that because the conflict between the court's oral pronouncement and the clerk's minutes makes the court's intention as to section 654 unclear, remand is required to allow the court to clarify its intent. We disagree with both contentions.

We first address defendant's contention that remand is required to clarify the court's intent with respect to the jail term. "The record of the oral pronouncement of the court controls over the clerk's minute order." (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) The court's oral pronouncement was clear. It imposed a probation condition of 300 days in county jail. Remand is unnecessary. We order the clerk's minute order corrected to reflect the court's oral pronouncement of a probation condition of 300 days in county jail. (*People v. Mitchell* (2001) 26 Cal.4th 181, 187-188.)

We also disagree with defendant's contention that section 654 applies.  Section 654 prohibits multiple *punishment* for the same act or omission.  (*People v. Correa* (2012) 54 Cal.4th 331, 337.)  Generally, section 654 does not apply when a court grants a defendant probation.  (*People v. Stender* (1975) 47 Cal.App.3d 413, 425, overruled on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 240; *People v. Wittig* (1984) 158 Cal.App.3d 124, 137.)   A grant of probation "is neither 'punishment' [citation] nor a criminal 'judgment' [citation]." (*People v. Prudholme* (2023) 14 Cal.5th 961, 965.)  It "is an act of grace and clemency designed to allow rehabilitation."  (*People v. Stender, supra,* 47 Cal.App.3d at p. 425.)  No punishment is imposed.  (*Ibid.*)  Section 654, which precludes multiple punishment, does not apply where no punishment is imposed.  (*Ibid*.)  This is so even if probation is conditioned on jail time.  (*People v. Wittig, supra,* 158 Cal.App.3d at pp. 126-127, 137.)  Here, because the trial court granted defendant probation without imposing a sentence, section 654 does not apply.

B

*Mandatory Restitution Fine and Corresponding Probation Revocation Fine*

Defendant contends and the People agree that as to the restitution fine and corresponding revocation fine, the minute order conflicts with the trial court's oral pronouncement, the latter which ordered only the mandatory minimum fines (here, $300), not the $1,000 fine included in the minutes.  We agree.

The trial court stated it was "imposing only the minimum mandatory fees and fines.  Nothing above the minimum.  Nothing that's not mandatory."  The mandatory minimum restitution fine is $300.  (§ 1202.4, subd. (b).)  The clerk's minute order shows a restitution fine of $1,000 and a *parole* revocation fine of $1,000, which is inconsistent with the court's oral pronouncement.

When there is a discrepancy between the court's oral pronouncement and the clerk's minute order or the abstract of judgment, "the record of the oral pronouncement  . . .  controls." (*People v. Farell, supra,* (2002) 28 Cal.4th 381, 384,

6

fn. 2.)  We order the clerk's minute order corrected to conform to the trial court's oral pronouncement of the mandatory minimum restitution fine of $300 and the corresponding stayed $300 probation revocation fine.

III

DISPOSITION

The judgment is affirmed.  We direct the trial court to correct the minute order from December 6, 2024, to reflect (1) the oral pronouncement as including a county jail probation condition of 300 days (that is not split over two counts); and (2) a restitution fine of $300 (§ 1202.4, subd. (b)) and stayed probation revocation fine of $300 (§ 1202.44).


/s/_____
MESIWALA, J.


We concur:


/s/_____
HULL, Acting P. J.


/s/_____
MAURO, J.